IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 1:22-cr-15-ECM |
| | ) | (WO) |
| ALEX TRYONE MCNAIR | ) | |

**MEMORANDUM OPINION and ORDER**

On February 8, 2022, Defendant Alex Tryone McNair ("McNair") was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) and with possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). On October 13, 2022, after a non-jury trial, the Court found McNair not guilty by reason of insanity pursuant to 18 U.S.C. § 17.

Pursuant to 18 U.S.C. § 4243(a), the Court committed McNair to a "suitable facility until such time as he is eligible for release pursuant to subsection (e)." (Doc. 57). The Court also ordered McNair to undergo a psychological or psychiatric evaluation in accordance with 18 U.S.C. § 4243(b). (*Id.*). On November 29, 2022, the United States filed the psychiatric evaluation and report. (Doc. 67). On December 5, 2023, the court held a hearing to determine whether the Defendant could satisfy his burden of establishing that his release would not create a substantial risk of bodily injury to another person or serious damage to property of another due to a present mental disease or defect. 18 U.S.C. § 4243(c),(d),(e).

The Defendant's burden of proof depends on the underlying offense.

Section 4243(d) provides that a defendant

> found not guilty by reason of insanity of an offense involving bodily injury, serious damage to another's property, or substantial risk of such injury or damage has the "burden of proving by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect." 18 U.S.C. § 4243(d). Section 4243(d) further provides that with respect to any other offense, the defendant's burden is a preponderance of the evidence. *Id.* If a defendant fails to meet his burden of proof, the court must commit him to the custody of the Attorney General of the United States, *see* 18 U.S.C. § 4243(e), who, in turn, arranges for his care and treatment. 18 U.S.C. §§ 4243(e) and 4247(i)(A).

*United States v. Wattleton*, 296 F.3d 1184, 1197-98 (11th Cir. 2002) (footnotes omitted).

At the evidentiary hearing, the parties agreed that the Defendant's burden was by a preponderance of the evidence because McNair's underlying offense did not involve "bodily injury, serious damage to another's property, or substantial risk of such injury or damage." 18 U.S.C. § 4243(d).

"If, after the hearing, the court fails to find by the standard specified in subsection (d) of this section that the person's release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect, the court shall commit the person to the custody of the Attorney General." 18 U.S.C. § 4243(e).

Because McNair was found not guilty by reason of insanity, the Court must decide whether he has established that his release will not "create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect...." 18 U.S.C. § 4243(e). After consideration of the psychological evaluations,

testimony and consideration of the evidence before it, the Court finds that McNair has not met his burden of establishing that his release would not create a substantial risk of injury to another person or serious damage to property.  As previously determined, McNair currently suffers from a mental disease, specifically schizophrenia. (Doc. 67-1 at 15).  As part of the psychological evaluation, McNair participated in a risk assessment panel interview.  The panel agreed that

> Mr. McNair's overall risk for engaging in behaviors that create a substantial risk of bodily injury to another person or serious damage of property of another is significantly mitigated when his symptoms of mental illness are effectively treated and managed and when he refrains from illicit substance use. The current improvements in his mental state are directly attributed to his compliance with antipsychotic medication and his restricted access to substance use due to his current placement in a structured and secured hospital setting and being subject to monitoring under supervision when in the community. However, the panel members agreed Mr. McNair's risk for engaging in behaviors that create a substantial risk of bodily injury to another person or serious damage to property of another are high when he is experiencing acute psychotic symptoms, with preoccupation with persecutory delusional beliefs, and experiencing behavioral dyscontrol when under the influence of substance intoxication. His risk is further exacerbated by his capability to access illegal firearms.

(*Id*. at 27).

The panel further recommended that McNair be civilly committed to the custody of the Attorney General.  The Court has further considered McNair's criminal history which includes crimes of violence and drug offenses.  McNair readily admitted his drug use to the risk assessment panel and indicated that he "probably would" continue to use marijuana.  (*Id*. at 21).  Continued use of illegal substances interferes with and exacerbates

McNair's mental health issues.  Based on the evidence before it, the Court concludes that McNair has failed to meet his burden of demonstrating that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to his mental disease.  Accordingly, it is

ORDERED that the Defendant is committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4243(e).

Pursuant to 18 U.S.C. § 4243(f), it is further

ORDERED that "[w]hen the director of the facility in which [McNair] is hospitalized pursuant to subsection (e) determines that [McNair] has recovered from his mental disease or defect to such an extent that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, [the director] shall promptly file a certificate to that effect with the clerk of [this] court . . . . The clerk shall send a copy of the certificate to [McNair's] counsel and to the attorney for the Government."

Done this 5th day of December, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE