IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                                      )        CRIM. CASE NO. 1:22-cr-15-ECM<br>)                                   (WO)<br>ALEX MCNAIR                                          ) | |

**MEMORANDUM OPINION and ORDER**

This criminal case is before the Court on the question of whether Alex McNair ("McNair") should be conditionally released. On October 13, 2022, this Court found McNair not guilty by reason of insanity pursuant to 18 U.S.C. § 17. (Doc. 56). Pursuant to 18 U.S.C. § 4243(a), the Court committed McNair to a "suitable facility until such time as he is eligible for release pursuant to subsection (e)." (Doc. 57). After a hearing on December 5, 2023, the Court concluded that McNair had failed to meet his burden of demonstrating that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to his mental disease and ordered him committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4243(e). (Doc. 70).

On April 6, 2023, the Warden of the Federal Medical Center in Rochester, Minnesota, certified that "[i]t is the opinion of our mental health staff [that] Mr. McNair no longer suffers from a mental disease or defect such that his conditional release would not create a substantial risk of bodily injury to another person or serious damage to the property of another." (Doc. 71) (alteration added).

On June 26, 2023, the Court held a hearing pursuant to the provisions of 18 U.S.C. §§ 4243(f) and 4247(d) to determine whether McNair's release would no longer create a

substantial risk of bodily injury to another person or serious damage to property of another due to present mental disease or defect, as well as, under what conditions might he be released. At the hearing, the Court heard from McNair's counsel and the government's counsel, who both agreed with proposed conditions of release suggested by the Bureau of Prisons Risk Assessment Panel. (Doc. 71). For the reasons explained herein, the Court finds that McNair's conditional release no longer poses a substantial risk of bodily injury to another person or serious damage to property, and that McNair should be released subject to conditions.

The Court has considered the possibility of an unconditional release, but the Court believes that, in light of McNair's current mental-health status, which includes a diagnosis of a chronic mental health condition, an unconditional release would not sufficiently reduce the risk of bodily injury to another person or serious damage to property of another. McNair is a convicted felon who was charged with being a felon in possession of a firearm. The Court believes McNair poses less of a risk if his release is conditioned on compliance with the conditions outlined herein.

The Court will, therefore, order the immediate release of McNair but only under the conditions outlined in this opinion and order. Because McNair is being conditionally released, the Court will require, for a period of one year, monthly status reports from McNair's supervising probation officer addressing McNair's compliance with the conditions of his release. The Court will also set a hearing to review whether (1) McNair's conditions for release should be terminated and he should be unconditionally released, and (2) whether the

conditions for his release should be modified and/or subjected to a later review by this Court.

Accordingly, it is

ORDERED and DECLARED Alex McNair's conditional release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another. It is further

ORDERED that McNair shall be immediately conditionally released pursuant to 18 U.S.C. § 4243(f) subject to the following conditions which relate directly to his medical, psychiatric, or psychological care or treatment:

(1) McNair shall reside at 125 Jonathan Lane, Daleville, Alabama 36322, and shall not make any changes in his residence without advance approval of the mental health providers and his supervising United States Probation Officer.

(2) McNair shall comply with all recommendations of treatment and shall comply with all psychiatric appointments as approved by the United States Probation Officer. McNair shall not change mental health providers without advance approval of the United States Probation Officer.

(3) McNair shall comply with psychiatric treatment as directed by the treatment team and the United States Probation Office, to include oral and injectable psychotropic medications.

(4) While McNair is in outpatient counseling, he may be admitted to an inpatient facility or placed in a crisis stabilization facility should his treating clinicians and the United States Probation Officer deem it is necessary for his safety or the safety of the community.

(5)     McNair shall refrain from all use of alcohol and other drugs not prescribed by his treating physician.   His treating physician shall notify the United States Probation Officer of any changes in the administration of anti-psychotic drugs.

(6)     McNair shall submit to urine analysis and other drug testing for the detection of use of controlled substances and shall undergo regular urine and serum blood level screening if ordered by the treating physician and the United States Probation Officer to ensure abstinence from substances and the maintenance of a therapeutic level of medication.

(7)     McNair shall participate in outpatient/inpatient substance abuse counseling as directed by the United States Probation Officer, if deemed necessary after an evaluation.

(8)     McNair shall be supervised by the United States Probation Office for an initial period not to exceed one year to ensure his compliance. This period may be extended a hearing at the expiration of one year.

(9)     McNair shall allow sharing of information with the United States Probation Officer who will assist in evaluating the ongoing appropriateness of community placement.

(10)    The medical provider may at any time recommend a modification or elimination of the regimen of medical, psychiatric, or psychological care or treatment, upon certification to the Court that to do so would not create a substantial risk of bodily injury to another person or serious damage to the property of another.  Any party requesting modification or termination of the Conditions of Release shall submit adequate documentation supporting the request through the United States Probation Officer, to the United States Attorney's Office, for a determination as to whether a motion for release should be filed.

The Court notes that McNair's failure to adhere to any of these conditions of release may result in his being taken into custody, and subsequently reviewed by the Court for suitability of continued release in the community.

The Court also notes that McNair suffers from a chronic mental health condition, and his conditions of release theoretically could last as long as he lives. The Court therefore has an independent and important obligation to make sure that the conditions are in place only so long as they are reasonably needed—and no longer. The Court will require the United States Probation Officer to file monthly status reports, on the first Tuesday of every month, beginning on August 1, 2023, addressing McNair's compliance with his conditions of release.

The Court will also schedule a review focusing on (1) whether the conditions for McNair's release should be terminated and he should be unconditionally released; and (2) whether the conditions for his release should be modified and subjected to a later review by this Court. In this regard, when the Court revisits the conditions next year, the Court will focus on two matters, among others: first, whether McNair has complied with all conditions and, second, whether the Court still needs to impose and monitor the condition that he comply with his prescribed regiment of medical, psychiatric, or psychological care or treatment to assure his compliance in the future. Correspondingly, McNair's probation officer has the affirmative duty, not only to monitor McNair's compliance with all current conditions, but also to help McNair to acquire, if he can, the self-control needed to comply with, in the absence of court imposition and monitoring, the condition that he comply with his treatment regimen. Thus, it is further

ORDERED that

(1) Alex McNair's violation of any of the conditions set forth in this opinion and order will subject him to revocation of his conditional release and return to custody.

(2) McNair, the United States Attorney's Office, and the United States Probation Officer may, at any time, seek modification of the conditions of release.

(3) A hearing is set for July 2, 2024, at 10:00 a.m., in the Courtroom 2A, Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama, on the following two issues:

(a) whether McNair has complied with the conditions of release; and

(b) whether McNair's release should continue to be conditional; and, if so, whether his release should be subject to the conditions set out in this opinion and order.

(4) Beginning on August 1, 2023, and on the first Tuesday of every month thereafter, the United States Probation Officer shall file a status report addressing McNair's compliance on his conditions of release.

Done this the 26th day of June, 2023.

/s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE