IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIM. CASE NO. 1:22-cr-15-ECM |
| ) | (WO) |
| ALEX MCNAIR ) | |

**MEMORANDUM OPINION and ORDER**

On July 2, 2024, this Court held a status conference to address the question of whether Defendant Alex McNair ("McNair") should remain on conditional release. The procedural history of this case is set out in more detail in the Court's prior Orders, and the Court need not repeat it here. On June 26, 2023, the Court ordered that McNair be conditionally released pursuant to 18 U.S.C. § 4243(f), subject to conditions "which relate directly to his medical, psychiatric, or psychological care or treatment." (Doc. 81 at 3). Among other conditions, McNair is required to reside at a specific residence and not change his residence without prior approval of his supervising United States Probation Officer; to submit to drug testing; and to comply with psychiatric treatment, including attending appointments and taking prescribed medications. (*Id.* at 3–4). The Court also ordered that McNair be supervised by the United States Probation Office for an initial one-year period and that the period may be extended after "a hearing at the expiration of one year." (*Id.* at 4). The Court also ordered that the Probation Office file monthly status reports regarding McNair's compliance with the conditions. (*Id.* at 5).

Both in written submissions and at the July 2, 2024 hearing, the Government and defense counsel represented to the Court that McNair has complied with the conditions of his

release. McNair's supervising Probation Officer, Eric Williams, agrees that McNair has been compliant. The Government and defense counsel also represent that continuing McNair on conditional release is in McNair's best interest and in the best interest of the community. (*E.g.*, docs. 104, 105). While the parties could not say how much longer McNair likely should remain on conditional release, both parties suggested that the conditions should continue for at least one year, particularly in light of McNair's chronic mental health condition. The parties also contend that the Probation Office's monthly reports should be converted to quarterly reports.

Based on the parties' representations to the Court and the Court's independent review of the case, the Court will order that McNair continue to be released on the same conditions which the Court previously imposed on June 26, 2023. Additionally, the Court will require the United States Probation Office to file quarterly status reports on the first Tuesday of the month, beginning on September 1, 2024, addressing McNair's compliance with his conditions of release. The Court will also set a hearing to review whether (1) McNair's conditions for release should be terminated and he should be unconditionally released, and (2) whether the conditions for his release should be modified and/or subjected to a later review by this Court. As the Court previously observed, McNair suffers from a chronic mental health condition, and his conditions of release theoretically could last as long as he lives. The Court therefore has an independent and important obligation to make sure that the conditions are in place only so long as they are reasonably needed—and no longer.

Accordingly, it is

ORDERED that McNair shall continue on conditional release pursuant to 18 U.S.C. § 4243(f) subject to the following conditions which relate directly to his medical, psychiatric, or psychological care or treatment:

(1)  McNair shall reside at 125 Jonathan Lane, Daleville, Alabama 36322, and shall not make any changes in his residence without advance approval of the mental health providers and his supervising United States Probation Officer.

(2)  McNair shall comply with all recommendations of treatment and shall comply with all psychiatric appointments as approved by the United States Probation Officer. McNair shall not change mental health providers without advance approval of the United States Probation Officer.

(3)  McNair shall comply with psychiatric treatment as directed by the treatment team and the United States Probation Office, to include oral and injectable psychotropic medications.

(4)  While McNair is in outpatient counseling, he may be admitted to an inpatient facility or placed in a crisis stabilization facility should his treating clinicians and the United States Probation Officer deem it is necessary for his safety or the safety of the community.

(5)  McNair shall refrain from all use of alcohol and other drugs not prescribed by his treating physician.  His treating physician shall notify the United States Probation Officer of any changes in the administration of anti-psychotic drugs.

(6)  McNair shall submit to urine analysis and other drug testing for the detection of use of controlled substances and shall undergo regular urine and serum blood level screening

if ordered by the treating physician and the United States Probation Officer to ensure abstinence from substances and the maintenance of a therapeutic level of medication.

(7)     McNair shall participate in outpatient/inpatient substance abuse counseling as directed by the United States Probation Officer, if deemed necessary after an evaluation.

(8)     McNair shall be supervised by the United States Probation Office for a period not to exceed one year to ensure his compliance.   This period may be extended after a hearing at the expiration of one year.

(9)     McNair shall allow sharing of information with the United States Probation Officer who will assist in evaluating the ongoing appropriateness of community placement.

(10)    The medical provider may at any time recommend a modification or elimination of the regimen of medical, psychiatric, or psychological care or treatment, upon certification to the Court that to do so would not create a substantial risk of bodily injury to another person or serious damage to the property of another.  Any party requesting modification or termination of the Conditions of Release shall submit adequate documentation supporting the request through the United States Probation Officer, to the United States Attorney's Office, for a determination as to whether a motion for release should be filed.

The Court notes that McNair's failure to adhere to any of these conditions of release may result in his being taken into custody, and subsequently reviewed by the Court for suitability of continued release in the community.

It is further

ORDERED as follows:

(1)     McNair's violation of any of the conditions set forth in this opinion and order will subject him to revocation of his conditional release and return to custody.

(2)     McNair, the United States Attorney's Office, or the United States Probation Officer may, at any time, seek modification of the conditions of release.

(3)     A hearing is set for **July 8, 2025**, at **10:00 a.m.**, in **Courtroom 2A**, Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama, to address the following two issues:

(a) whether McNair has complied with the conditions of release; and

(b) whether McNair's release should continue to be conditional; and, if so, whether his release should be subject to the conditions set out in this opinion and order.

(4)     Beginning on **September 1, 2024**, the United States Probation Office shall file quarterly status reports addressing McNair's compliance on his conditions of release, on or before the first Tuesday of the month.

Done this 2nd day of July, 2024.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE