IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:22-cr-15-ECM |
| | ) | [WO] |
| ALEX MCNAIR | ) | |

**MEMORANDUM OPINION and ORDER**

On July 8, 2025, this Court held a hearing to address whether Defendant Alex McNair ("McNair") should remain on conditional release. The procedural history of this case is set out in more detail in the Court's prior Orders, and the Court need not repeat it here. On June 26, 2023, the Court ordered that McNair be conditionally released pursuant to 18 U.S.C. § 4243(f), subject to conditions "which relate directly to his medical, psychiatric, or psychological care or treatment." (Doc. 81 at 3). Among other conditions, McNair was required to reside at a specific residence and not change his residence without prior approval of his supervising United States Probation Officer; to submit to drug testing; and to comply with psychiatric treatment, including attending appointments and taking prescribed medications. (*Id.* at 3–4). The Court also ordered that McNair be supervised by the United States Probation Office for an initial one-year period and that the period may be extended after "a hearing at the expiration of one year." (*Id.* at 4). The Court also ordered that the Probation Office file monthly status reports regarding McNair's compliance with the conditions. (*Id.* at 5). Probation's status reports reflected that McNair was fully compliant with his conditions of release.

On July 2, 2024, the Court held a hearing to address whether McNair should remain

on conditional release. The Government, McNair's counsel, and McNair's supervising Probation Officer, Eric Williams, agreed that McNair had been compliant with the conditions of release. The Government and McNair's counsel requested that McNair continue on conditional release for an additional year, particularly in light of McNair's chronic mental health condition, and argued that continuing conditional release was in McNair's best interest and in the best interest of the community. (*See, e.g.*, docs. 104, 105). Following the hearing, the Court continued McNair on the same conditions previously imposed for one year. (Doc. 109). Additionally, the Court converted Probation's monthly status reports to quarterly status reports. The Court then set another hearing for July 8, 2025, to address the following two issues: whether McNair has complied with the conditions of release; and whether his release should continue to be conditional, and if so, whether his release should be subject to the conditions previously imposed by the Court. (*Id.* at 5).

At the July 8, 2025 hearing, the Government, McNair's counsel, and Officer Williams all agreed that McNair has remained fully compliant with his conditions of release. Additionally, since the July 2024 hearing, Officer Williams' status reports support the conclusion that McNair has been compliant, takes his prescribed medication, and attends his necessary appointments. (Docs. 111, 113, 115). Officer Williams also indicated that McNair has strong family support, which has been beneficial to him. All parties agreed that McNair's situation has significantly improved because he takes his prescribed medication. All parties requested that McNair be discharged from supervision.

McNair has been on conditional release for approximately two years without incident.

It is undisputed that he has been fully compliant with the conditions of release, including taking his prescribed medication. He has not had any slip-ups. Based on the parties' representations to the Court and the Court's independent review of the case, the Court finds that McNair has shown by a preponderance of the evidence that his release would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another. *See* 18 U.S.C. § 4243(d), (f). Consequently, the Court finds that McNair is due to be immediately discharged from supervision.

Accordingly, for the reasons stated, and for good cause, it is

ORDERED that McNair is DISCHARGED from supervision and is RELEASED from all conditions previously imposed by the Court, and the proceedings in this case are TERMINATED.

The Clerk of the Court is DIRECTED to close this case.

DONE this 8th day of July, 2025.

                                             /s/ Emily C. Marks
                                          EMILY C. MARKS
                                          CHIEF UNITED STATES DISTRICT JUDGE